IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

Ronald DeAngelo Riddick,      )
    Petitioner,      )
                  )
v.      )      **1:13cv424 (GBL/TCB)**
                  )
Harold W. Clarke,      )
    Respondent.      )

## MEMORANDUM OPINION

This Matter comes before the Court on respondent's Motion to Dismiss this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed pro se by Ronald DeAngelo Riddick, a Virginia inmate. Petitioner challenges the constitutionality of his conviction of possession with intent to distribute heroin following a bench trial in the Circuit Court for the City of Portsmouth. After respondent moved to dismiss the petition, Riddick was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), and he filed a response. After careful consideration, for the reasons that follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed with prejudice.

## I. Background

By final order entered February 18, 2010, Riddick was convicted of possession of heroin with intent to distribute and received a sentence of twenty (20) years in prison with four (4) years suspended. Case No. CR09-1576; Resp. Ex. A. The facts underlying the conviction were described on direct appeal as follow:

1

Based on information received from a confidential informant, police obtained a search warrant for appellant's home. As they entered, appellant was exiting the bathroom where several heroin capsules were circling in the toilet and two hundred more capsules lay on the floor. In all, nearly six hundred capsules of heroin were recovered. A Portsmouth police officer testified:

> Once the Tactical Response Unit secured the residence, [appellant] was placed in the living room area of the residence on the couch. I looked at him and while he was handcuffed, I told him that we would be going into my office to talk about the heroin that was recovered, and at that time he made a spontaneous statement, 'All of it is mine.' At that time I advised him, 'I don't want to talk to you here at your house. We'll talk at my office.'

Right before trial, appellant moved the court to require the Commonwealth to disclose the identity of the confidential informant. While the informant had notified police that he had seen heroin and a firearm in appellant's home, he did not testify at trial. Appellant also argued his 'All of this is mine' confession should have been suppressed because he had not received the warning required by Miranda v. Arizona, 382 U.S. 436 (1966). After denying both motions and hearing the evidence, the trial court convicted appellant of possessing heroin with the intent to distribute.

Riddick v. Commonwealth, R. No. 0406-10-1 (Va. Ct. App. Sept. 2, 2010), slip op. at 1-2; Resp. Ex. B.

On direct appeal, Riddick argued that: (1) and (2) the trial court erred in denying his motion to require the Commonwealth to disclose the identity of the confidential informant; and (3) the trial court erred in denying his motion to suppress his admission that "All of it is mine." The petition for appeal was denied on September 2, 2010. Id. A three-judge panel concurred in that result on November 23, 2010. Resp. Ex. B. Riddick sought further review by the Supreme Court of Virginia, but his petition was refused on May 20, 2011, and rehearing was denied on

2

September 23, 2011. <u>Riddick v. Commonwealth</u>, R. No. 102298 (Va. May 20, 2011).[1]

On May 24, 2012, Riddick filed a petition for a state writ of habeas corpus in the

Supreme Court of Virginia, raising the following claims:

> A.   There was no probable cause for a warrant to search his residence based on the information the magistrate received from the confidential informant.
>
> B.   He received ineffective assistance of counsel in connection with a motion to require the Commonwealth to disclose the confidential informant's identity.
>
> C.   He received ineffective assistance of counsel at the suppression hearing.
>
> D.   His Fourth Amendment rights were violated when there was no probable cause to search the residence.
>
> E.   He received ineffective assistance of counsel when his attorney failed to challenge procedures used by the prosecution to determine that he possessed the drugs with the intent to sell.

On October 11, 2012, the Supreme Court of Virginia dismissed the petition upon the finding that

the writ should not issue. <u>Riddick v. Dir., Dep't of Corrections</u>, R. No. 120891 (Va. Oct. 11,

2012); Resp. Ex. C.

Riddick timely filed the instant application for § 2254 relief on March 25, 2013,[2]

reiterating the same claims he raised in his habeas corpus petition to the Supreme Court of

Virginia. On July 7, 2013, respondent filed a Rule 5 Answer and a Motion to Dismiss, along

---

[1]This information was confirmed at the Virginia Courts' Case Information Website.

[2]For federal purposes, a pleading submitted by an incarcerated litigant is deemed filed when the pleading is delivered to prison officials for mailing. <u>Lewis v. City of Richmond Police Dep't</u>, 947 F.2d 733 (4th Cir. 1991); <u>see also</u> <u>Houston v. Lack</u>, 487 U.S. 266 (1988). Pet. at 12.

3

with a supporting brief and exhibits.  Petitioner filed a reply on August 7, 2013, and state court records were received on January 6, 2014.  Accordingly, the petition is now ripe for disposition.

## II. Procedural Default

On federal habeas corpus review, a state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met.  Harris v. Reed, 489 U.S. 255, 262-63 (1989).  First, the state court must have relied explicitly on the procedural ground to deny petitioner relief.  Id.  Second, the state procedural rule relied on to default petitioner's claim must be an independent and adequate state ground for denying relief.  Id. at 260;  Ford v. Georgia, 498 U.S. 411, 423-24 (1991).  When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence.  Harris, 489 U.S. at 260.  Based upon these principles, petitioner's Claims A (lack of probable cause for the search warrant) and D (Fourth Amendment violation) are procedurally barred from federal review.

When petitioner raised the substance of Claims A and D in his state habeas corpus application, the Supreme Court of Virginia expressly found them to defaulted pursuant to Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974), cert. denied, 419 U.S. 1108 (1975) as "non-jurisdictional issues [that] could have been raised at trial and on direct appeal and, thus, are not cognizable in a petition for a writ of habeas corpus." Riddick v. Dir., supra, slip op. at 1-2. The Fourth Circuit has consistently held that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision."  Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Therefore, the Virginia court's express finding that Slayton

4

barred review of Claims A and D also precludes federal review of those claims. Clanton, 845 F.2d at 1241.

A federal court may not review a procedurally barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

In his Response to Counsel's Motion to Dismiss, petitioner argues that the procedural default of the foregoing claims should be excused because he is a layman at law and "unfamiliar with the ... rules of the pleadings." Dkt. 14 at 1. However, the Fourth Circuit recognizes that a litigant's pro se status is insufficient reason to excuse a procedural default. See Holloway v. Smith, 81 F.3d 149, 1996 WL 160777 at * 1 (4th Cir. Apr 8, 1996) (" Holloway does not meet the cause and prejudice standard because unfamiliarity with the law and his pro se status do not constitute adequate justification to excuse his failure to present the claim earlier."); accord, Forsyth v. Williams, 924 F.2d 1051, 1991 WL 10078 (4th Cir. Feb 4, 1991) and cases cited at *4. Therefore, as petitioner has made no showing of cause and prejudice or a fundamental miscarriage of justice, claims A and D are procedurally barred from consideration on the merits.

### III. Merits Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition,

a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## IV. Analysis

In all of his federally-cognizable claims, petitioner asserts that he received ineffective assistance of counsel for various reasons. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's

6

representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance" id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylor, 162 F.3d 273, 278 (4th Cir. 1998).

In claim B, petitioner contends that counsel provided ineffective assistance by failing to

"proffer to the court and prosecution as to why the identification of the informant would have

been of assistance to the petitioner's defense." Petitioner argues that counsel only requested the

informant's identity and did not "stress to the court the dire need for the cross-examination,"

which prevented petitioner from learning both "the validity of the probable cause for the issuance

of the warrant" and "how the informant came by the information." Pet. Br. at 12. The Supreme

Court of Virginia rejected this contention on the following holding:

> In claim (B), petitioner alleges ineffective assistance of counsel
> because trial counsel, in arguing his motion to require the
> Commonwealth to disclose the identity of the confidential informant,
> failed to proffer why he needed to know the confidential informant's
> identity and why he needed the opportunity to cross-examine the
> confidential informant in court. Specifically, petitioner asserts he had
> a right to know how the informant learned petitioner possessed the
> narcotics, whether the informant had seen petitioner obtain the
> narcotics, and other details of the informant's relationship with
> petitioner, and to cross examine the informant on these issues.
>
> The Court holds that claim (B) satisfies neither the 'performance' nor
> the 'prejudice' prong of the two-part test enunciated in Strickland v.
> Washington, 466 U.S. 668, 687 (1984). Under controlling law,
> petitioner did not have a right to know how the informant came by the
> information, nor any right to cross-examine the informant. It is a
> 'well settled principle that the government is permitted to withhold
> the identity of a confidential informant when the informant was used
> only for the limited purpose of obtaining a search warrant,' as was the
> case here. United States v. Gray, 47 F.3d 1359, 1365 (4th Cir. 1995).
> Counsel was not ineffective for failing to convince the trial court to
> make a contrary ruling. Thus, petitioner has failed to demonstrate
> that counsel's performance was deficient or that there is a reasonable
> probability that, but for counsel's alleged error, the result of the
> proceeding would have been different.

Riddick v. Dir., supra, slip op. at 2.

For the reasons which were clearly articulated by the Supreme Court of Virginia,

petitioner has failed to carry his burden to demonstrate that his attorney's failure to proffer the

8

reason he needed to know the confidential informant's identity and why cross-examination of the informant was imperative amounted to ineffective assistance. It is firmly established that the identity of a person furnishing the prosecution with information concerning criminal activities is privileged. Vogel v. Gruaz, 110 U.S. 311, 315-16 (1884). A narrow exception to that long-standing principle was created in Roviaro v. United States, 353 U.S. 53, 60-61 (1957) "where the disclosure of an informer's identity ... is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." The applicability of the exception depends upon "the particular circumstances of each case." Id. at 62. Where an informant actually participates in the criminal transaction, fundamental fairness may require that the defendant be allowed access to the informant as a potential witness. Id. at 64. But where, as here, the informant does nothing more than act as a "tipster" who supplies information for the limited purpose of obtaining a search warrant, his or her identity is to remain privileged. Gray, 47 F.3d at 1365. In this case, the informant was not present when drugs were seized from Riddick's home. The evidence that supported the charge of possession with intent to distribute heroin was the large quantity of drugs found in Riddick's possession coupled with his admission, "All of it is mine." Under such circumstances, the Virginia court's determination that counsel's failure to seek the confidential informant's identity and an opportunity to cross-examine him did not amount to ineffective assistance was both factually reasonable and in accord with Strickland, supra. Therefore, the claim likewise must be rejected here. Williams, 529 U.S. at 412-13.

In claim C, petitioner asserts that counsel rendered ineffective assistance by failing to raise timely objections to leading questions by the prosecutor and hearsay testimony by prosecution witnesses. On state habeas review, the Supreme Court of Virginia determined that

these arguments were without merit, as follows:

> In a portion of claim (C), petitioner alleges ineffective assistance of counsel because counsel failed to object when the prosecutor asked Detective McAndrew at the suppression hearing 'what was the basis for securing that search warrant,' and McAndrew replied that he had received information from a confidential and reliable informant that petitioner was selling heroin from his residence. Petitioner argues McAndrew's testimony was hearsay. Without such direct evidence, petitioner argues, the Commonwealth could not show that the search warrant was supported by probable cause.
>
> The Court holds that this portion of claim (C) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in <u>Strickland</u>. The record, including the transcript, shows that this testimony was not hearsay. It was elicited not for the truth of the matter asserted, but to establish the basis for the search warrant. Moreover, hearsay is admissible to establish probable cause. Counsel is not ineffective for failing to make a futile objection. ...
>
> In another portion of claim (C), petitioner alleges ineffective assistance of counsel because counsel failed to object to a leading question by the prosecutor. Petitioner asserts that prosecutor asked Detective McAndrew if the informant had 'actually indicated to you that they had personally been in that residence seventy-two hours prior to the search warrant on June 24th and witnessed the heroin and the firearm?' Detective McAndrew responded, 'Yes, sir.' Petitioner contends 'that the leading question and responses from the witness have the jury the impression that the witness' was telling the truth.
>
> The Court holds that this portion of claim (C) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in <u>Strickland</u>. The record demonstrates the hearing was before the court, not a jury. Thus petitioner did not suffer the prejudice he claims. Moreover, every fact contained in the prosecutor's question was in Detective McAndrew' sworn affidavit which was part of the court's record. Even a successful objection to the question would not have altered the outcome of the hearing because the prosecutor could simply have rephrased the question and elicited the same information from the officer with a series of non-leading questions or, if necessary, refreshed the officer's recollection from the search warrant. Counsel is not ineffective for failing to make a futile objection. Thus, petitioner has failed to demonstrate

Riddick v. Dir., supra, slip op. at 3-4.

For the reasons which were clearly explained by the Supreme Court of Virginia,

petitioner has failed to carry his burden to demonstrate that his attorney's performance with

respect to Detective McAndrew's testimony at the suppression hearing (T. 12/17/09 at pp. 6-15)

amounted to ineffective assistance. Because that determination was both factually reasonable

and in accord with Strickland, supra, the same result must be reached here. Williams, 529 U.S.

at 412-13.

In claim E, Riddick contends that he received ineffective assistance of counsel when his

attorney failed to challenge procedures used by the prosecution to determine that he possessed

the drugs with the intent to sell. This argument was rejected by the Supreme Court of Virginia or

the following reasons:

> In claim (E), petitioner alleges ineffective assistance of counsel
> because counsel failed to challenge the procedures used by the
> prosecution to determine that the drugs seized were possessed with
> the intent to distribute. Petitioner asserts that only the actual amount
> of drugs that were tested and confirmed should have been introduced
> at his trial and that counsel failed to object to the introduction in
> evidence of the capsules of 'alleged heroin.' Counsel also failed to
> object to the introduction of items of 'alleged paraphernalia' that were
> never analyzed.
>
> The Court holds that claim (E) satisfies neither the 'performance' nor
> the 'prejudice' prong of the two-part test enunciated in Strickland.
> The record, including the trial transcript, shows counsel did challenge
> the testing procedures. Counsel argued to the trial court that only a
> small percentage of the capsules had been tested, creating a
> reasonable doubt as to petitioner's intent to distribute. The court
> rejected counsel's argument. Moreover, counsel did object to the
> introduction of items of 'alleged paraphernalia' and the
> Commonwealth withdrew the evidence. Thus, Petitioner has failed
> to demonstrate that counsel's performnace was deficient or that there
> is a reasonable probability that, but for counsel's alleged errors, the

11

Again, for the reasons which are clearly stated in the foregoing opinion by the Supreme Court of Virginia, petitioner has failed to carry his burden to demonstrate that his attorney's efforts to challenge the drugs that were seized from his residence amounted to ineffective assistance. Review of the trial transcript reveals that, as the Virginia court determined, counsel did challenge the testing procedures and succeeded in having the Commonwealth withdraw evidence of drug paraphernalia. Therefore, that Court's rejection of claim E was both factually reasonable and in accord with Strickland, supra, and the claim likewise must fail here. Williams, 529 U.S. at 412-13.

### V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition for habeas corpus relief will be granted, and the petition will be dismissed with prejudice. An appropriate Order shall issue.

Entered this _____ day of _____ 2014.

_____/s/_____
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia

12